# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

## EASTERN DIVISION

| | |
|---|---|
| **In re** <br><br> **FANNI REZNIKOV,** <br><br><div align="right">**Debtor**</div> <br>――――――――――<br> **MARK G. DEGIACOMO, as he is Chapter 7 Trustee,** <br><br><div align="right">**Plaintiff**</div> <br> **v.** <br><br> **FIRST CALL MORTGAGE COMPANY, JAMES B. NUTTER & COMPANY, and FANNI REZNIKOV,** <br><br><div align="right">**Defendants**</div> | **Chapter 7** <br> **Case No. 14-10589-FJB** <br><br><br><br><br> **Adversary Proceeding** <br> **No. 15-1003-FJB** |

MEMORANDUM OF DECISION

I.     **Overview**

By his complaint in this adversary proceeding, Mark G. DeGiacomo, in his capacity as chapter 7 trustee (the "Trustee") in the bankruptcy case of debtor Fanni Reznikov (the "Debtor"), seeks to avoid a mortgage (the "Mortgage") held by James B. Nutter & Company ("Nutter") pursuant to 11 U.S.C. § 544(a)(3) and to preserve it for benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551. Before the Court are cross-motions for summary judgment on Counts I and II filed by the Trustee and Nutter, as well as a motion by the Trustee to strike the declarations of the Debtor and of notary Peter Gizzi (the "Notary"). The Trustee argues that the Mortgage is subject to avoidance under § 544(a)(3) because the certificate of acknowledgment (the "Acknowledgement") that the Notary annexed to the Mortgage is

materially defective under Massachusetts law because it does not express that the Debtor

executed the Mortgage voluntarily or as her free act and deed.  Nutter counters that the

Acknowledgement's use of the words "duly acknowledged" adequately expresses that the

Mortgage was executed by the Debtor voluntarily or as her free act and deed and,

consequently, that the Acknowledgment is not defective.  For the reasons set forth below, the

Trustee's Motions for Summary Judgment and to Strike the Declarations are granted, and

Nutter's Motion for Summary Judgment is denied.

**II.      Procedural History**

On February 17, 2014, the Debtor filed a petition for relief under chapter 7 of the

Bankruptcy Code, commencing the present bankruptcy case.  DeGiacomo was duly appointed

chapter 7 trustee and, in that capacity, brought this adversary proceeding on January 6, 2015.

The complaint originally stated four counts, two of which, Counts III and IV, have been

voluntarily dismissed by the Trustee.  In Count I, the Trustee seeks to avoid a mortgage granted

by the Debtor to First Call Mortgage Company ("First Call") and later assigned by First Call to

Nutter.  As a basis for Count I, the Trustee alleges that the Debtor's execution of the Mortgage

was not properly acknowledged and that the Mortgage is therefore subject to avoidance

pursuant to 11 U.S.C. § 544(a)(3).  In Count II, the Trustee seeks to preserve the avoided

mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551.  In his complaint, the Trustee

requests that this Court enter a judgment "pursuant to Count II, declaring that the Mortgage is

preserved for the benefit of the bankruptcy estate as the first position mortgage holder, senior

to the Debtor's [homestead exemption]."  Count II does not explicitly seek any relief against any

junior mortgage holders.  Counts I and II are the subject of the present motions.

In Count III, the Trustee sought to avoid a second mortgage held by Julian Castro, in his

capacity as Secretary of the U.S. Department of Housing and Urban Development (the

2

"Secretary"), pursuant to 11 U.S.C. § 544(a)(3).  In Count IV, the Trustee sought to preserve the avoided second mortgage for the benefit of the estate pursuant to 11 U.S.C. § 551.  The Trustee has since voluntarily dismissed the Secretary as a defendant and, by doing so, has dismissed Counts III and IV of the complaint.

The complaint originally named four defendants: Nutter, First Call, the Secretary, and the Debtor.  As stated above, the Trustee voluntarily dismissed the Secretary as a defendant in this adversary proceeding.  Additionally, at the hearing on the present motions, the Trustee voluntarily dismissed First Call as a defendant.  The Debtor remains a defendant and has filed an answer.  On February 26, 2015, Nutter filed a motion to dismiss, and after a hearing, the Court denied the motion.

On September 10, 2015, the Trustee filed a motion for summary judgment on Counts I and II, and on September 11, 2015, Nutter filed a cross-motion for summary judgment as to the same counts.  Nutter's motion was accompanied by sworn declarations of the Debtor and the Notary (the "Declarations"); these attested to certain facts regarding the execution of the Mortgage and the Notary's usual practices as a notary public.  The Trustee subsequently filed a motion to strike the Declarations on the basis that they are irrelevant under Fed. R. Evid. 401 and therefore inadmissible under Fed. R. Evid. 402.  After a hearing on the motions for summary judgment and the motion to strike, the Court took all three motions under advisement.

**III.   Facts**

Except as otherwise indicated, the following facts are established and uncontroverted.

1.   The Debtor is an individual residing at 143 Gould Street, Needham, Massachusetts (the "Needham Property").  At all relevant times, the Debtor has been the owner of the Needham Property.

2.      On July 16, 2008, the Debtor executed an Adjustable Rate Note (the "Note") in favor of First Call as the lender.  The Note was secured by the Mortgage, which was a first position Home Equity Conversion Mortgage on the Needham Property.

3.      The Debtor executed the Mortgage on July 16, 2008.  The Debtor executed the Mortgage for the purpose of securing the repayment of amounts loaned by First Call to the Debtor under the terms of the Note, the Mortgage, and a Home Equity Conversion Loan Agreement.

4.      The Mortgage was filed with the Norfolk County Land Court on July 22, 2008.

5.      The Acknowledgement on page 9 of the Mortgage states:

**<u>Notary Acknowledgement</u>**

State of Massachusetts
County of Middlesex

On this 16 day of July, 2008 before me personally appeared

Fanni Reznikov

to me known and known to me to be the individual(s) described in and who executed the foregoing instrument, and duly acknowledged to me that he/she/they executed the same.
[. . .]

6.      On February 17, 2014, the Debtor filed a voluntarily petition pursuant to chapter 7 of the Bankruptcy Code, and on February 18, 2014, the Trustee was duly appointed as the chapter 7 trustee of the Debtor's bankruptcy estate.

7.      Schedule A to the Debtor's bankruptcy petition lists the Needham Property with a fair market value of $420,000.

8.      On Schedule C to the Debtor's bankruptcy petition, the Debtor asserted a homestead exemption of her interest in the Needham Property in the amount of $500,000

4

pursuant to her Declaration of Homestead which was filed pre-petition but after the execution

of the Mortgage.

9.      First Call executed a Corporation Assignment of Mortgage (the "Assignment")

which assigned the Mortgage, together "with the note or notes therein described or referred to,

the money due and to become due thereon with interest, and all rights accrued or to accrue

under said Deed of Trust" to Nutter.

10.     On January 13, 2015, the Assignment was recorded at the Norfolk County Land

Court.

11.     Nutter is the holder of a claim in the Debtor's bankruptcy case in the

approximate amount of $301,838.15, which is secured by the Mortgage.

**IV.      Jurisdiction**

The matter before the court is a complaint to avoid a mortgage under 11 U.S.C. §

544(a)(3) and to preserve it for the benefit of the estate under 11 U.S.C. § 551.  This Court has

jurisdiction and authority to resolve the dispute pursuant to 28 U.S.C. § 1334(b), as the matter

arises under title 11 and is a core proceeding under 28 U.S.C. § 157(b)(1) and (b)(2)(K). *See Agin*

*v. Green Tree Servicing, LLC* (*In re Shubert*), 535 B.R. 488, 491 (Bankr. D. Mass. 2015).

**V.      Positions of the Parties**

**A.   The Trustee**

The Trustee contends that the Acknowledgement does not recite that the Debtor

executed the Mortgage *voluntarily or as her free act and deed*, and that it cannot be inferred

from the language used in the Acknowledgement that the Debtor executed the Mortgage

*voluntarily or as her free act and deed*.  The Trustee further argues that due to this material

defect, the Mortgage was ineligible for recording and, notwithstanding its having been

recorded, is incapable of providing constructive notice to a subsequent purchaser for value.

Consequently, the Mortgage is not perfected, and the Trustee, vested with the powers of a hypothetical bona fide purchaser by 11 U.S.C. § 544(a)(3), may avoid this unperfected Mortgage.

The Trustee concedes that no exact recitation of language is mandatory for a valid acknowledgement under Massachusetts law.  Nevertheless, the Trustee contends that the words in the Acknowledgment do not convey that the Debtor averred to the Notary that she voluntarily and freely executed the Mortgage.  Nor do the words of the Acknowledgment permit an inference that the Debtor so averred.  According to the Trustee, the language of the Acknowledgement does not justify a conclusion that the Debtor ever said anything to the Notary indicating that the execution of the Mortgage was her free act and deed.  Accordingly, the Acknowledgment is patently defective, and the Mortgage is subject to avoidance under § 544(a)(3).

Finally, the Trustee contends that the avoided transfer is preserved for the benefit of the Debtor's bankruptcy estate under § 551.  The Trustee notes that while the unperfected Mortgage is unenforceable against third parties, it remains enforceable against the Debtor and trumps the Debtor's homestead exemption.  Accordingly, the Trustee argues that Nutter's unperfected Mortgage remains valid against the Debtor and, when avoided by the Trustee under § 544(a)(3), it is preserved for the benefit of the bankruptcy estate, placing the Trustee in the secured position formerly held by Nutter.[1]

### B.  Nutter

Nutter contends that the Acknowledgement is valid under Massachusetts law and that the Mortgage is not subject to avoidance under 11 U.S.C. § 544(a)(3).  Nutter asserts that no specific language or recital is required on the face of a certificate of acknowledgment and that a

---

[1] No party has contested the Trustee's assertion that, should the Trustee succeed in avoiding the Mortgage pursuant to 11 U.S.C. § 544(a)(3), it is preserved for the estate pursuant to 11 U.S.C. § 551.

court may infer from the certificate, or even from circumstances outside the certificate, that a grantor indicated to the notary that her execution was voluntary or her free act and deed. Nutter argues that the Acknowledgement's use of the words "duly acknowledged" compels an inference that the Debtor confirmed to the Notary that she signed the Mortgage voluntarily or as her free act and deed.  Under this theory, a third party reading the Acknowledgment would have notice that when the Debtor "duly acknowledged" executing the Mortgage, she indicated to the Notary that her execution was voluntary.

As the basis for its argument that the language in the Acknowledgment is sufficient, Nutter examines the meaning of the words "duly acknowledged."  Citing to Black's Law Dictionary and Merriam-Webster, Nutter notes that "duly" means "in accordance with legal requirements," Black's Law Dictionary (10th ed. 2014), or "in the proper or expected way; in a due manner; properly," Merriam-Webster's Collegiate Dictionary (11th ed. 2007).  For the meaning of the word "acknowledged," Nutter relies on the definition of "acknowledgment" contained in Revised Executive Order No. 455 (04-04), promulgated by the Governor of the Commonwealth, which states:

> "Acknowledgment" shall mean a notarial act in which an individual, at a single time and place:
>
> (a)  appears in person before the notary public and presents a document;
>
> (b)  is identified by the notary public through satisfactory evidence of identity; and
>
> (c)  indicates to the notary public that the signature on the document was voluntarily affixed by the individual for the purposes stated within the document and, if applicable, that the individual had authority to sign in a particular representative capacity.

Revised Executive Order No. 455 (04-04), § 2.  Nutter argues that this entire definition of "acknowledgement" is packed into the verb "to acknowledge."  Accordingly, the phrase

"duly acknowledged" permits no inference other than that the Debtor properly

indicated to the Notary that her execution of the Mortgage was voluntary.

Nutter further argues that the Acknowledgment "should be interpreted to give effect to

the parties' intent."[2]  Nutter cites to *Kelly v. Calhoun*, 95 U.S. 710 (1877), quoted by *McOatt v.*

*McOuatt*, 320 Mass 410, 415, 69 N.E.2d 804 (Mass. 1946), for the proposition that courts should

not invalidate certificates of acknowledgment that can reasonably be construed as valid.  As

evidence of the parties' intent, Nutter points to the Debtor's Declaration, in which the Debtor

affirms that she executed the Note and the Mortgage voluntarily and of her free act and deed.

Nutter argues that because the Acknowledgment can reasonably be construed to be valid, it

should be construed to give effect to the honest intent of the Debtor as reflected in the

Declaration.  Nutter further cites to Massachusetts contract law as support for its argument that

the Acknowledgment should be construed to give effect to the intent of the parties.

Finally, Nutter argues that the Court should presume that the Notary performed his

duties in compliance with Massachusetts Law.  Citing the Massachusetts Supreme Judicial Court

case of *Hale v. Hale* for the proposition that a "notary's certificate is proof presumptively of a

valid acknowledgement," Nutter argues that the Court should presume that the Notary

performed his duty in compliance with the law and obtained the Debtor's indication that she

executed the mortgage voluntarily.  *Hale v. Hale*, 332 Mass. 329, 333 (1955).  In further support

of this presumption, or inference of regularity and compliance with law, Nutter highlights the

Declaration of the Notary, in which the Notary declares that in his usual practice, he will not

---

[2] It is not entirely clear from the papers which "parties' intent" Nutter is arguing should be given effect
other than that of the Debtor.  Below, the Court will address this argument as it relates to the intent of
the Debtor (the grantor of the Mortgage), the Notary, First Call (the grantee of the Mortgage), and Nutter
(the assignee of the Mortgage).

notarize a document unless the individual for whom he is notarizing a signature indicates that

he or she is signing the document voluntarily or as his or her free act and deed.

For all these reasons, Nutter contends that the Acknowledgement is valid and that the

Mortgage was properly recorded.  Accordingly, Nutter would have the Court conclude, the

Mortgage is perfected, and the Trustee, standing in the shoes of a hypothetical bona fide

purchaser, may not avoid it.

**VI.    Discussion**

**A.   Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a), made applicable by Fed. R. Bankr. P. 7056. "A 'genuine' issue is one supported by

such evidence that a reasonable jury, drawing favorable inferences, could resolve it in favor of

the nonmoving party." *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999)

(internal citations omitted).  A "material" fact is one that has "the potential to change the

outcome of the suit under the governing law" if the dispute is resolved in favor of the

nonmoving party.  *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314-15 (1st Cir. 1995).  The

Court must view the record in the light most favorable to the nonmoving party and draw all

reasonable inferences in its favor.  *Nicolo v. Phillip Morris, Inc.*, 201 F.3d. 29, 33 (1st Cir. 2000).

In dealing with cross-motions for summary judgment, a court "must consider each motion

separately, drawing inferences against each movant in turn*." Blackie v. State of Maine*, 75 F.3d

716, 721 (1st Cir. 1996).

Where the burden of proof at trial would fall on the party seeking summary judgment,

that party must support its motion with evidence—in the form of affidavits, admissions,

depositions, answers to interrogatories, and the like—as to each essential element of its cause

of action. The evidence must be such as would permit the movant at trial to withstand a motion

for directed verdict under Fed. R. Civ. P. 50(a). *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986). Provided it does so, the burden then shifts to the opposing party to adduce evidence

that establishes a genuine issue of material fact as to at least one essential element of the

moving party's case. The Court must view all evidence in the light most favorable to the

nonmoving party and indulge all inferences favorable to that party. *Daury v. Smith*, 842 F.2d 9,

11 (1st Cir. 1988). The ultimate burden of proving the absence of a genuine issue of material

fact remains at all times on the moving party.

Where the moving party would not bear the burden of proof at trial, the movant's initial

burden is simply to demonstrate or point out a lack of evidence to support at least one essential

element of the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

The burden then shifts to the opposing party to adduce such evidence on each of the disputed

elements as at trial would be sufficient to withstand a motion for directed verdict. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. at 250.

## B. Applicable Law

Section 544(a) of the Bankruptcy Code, referred to as the "strong arm" clause, ''gives a

trustee various rights and powers, one of which is the power to avoid a transfer by the debtor of

an unperfected security interest in real property to the same extent a bona fide purchaser could

avoid the transfer, regardless of any actual knowledge of the trustee." *Weiss v. Wells Fargo*

*Bank, N.A.* (*In re Kelley*), 498 B.R. 392, 400 (1st Cir. BAP 2013) (quoting *DeGiacomo v.*

*CitiMortgage, Inc.* (*In re Nistad*), 2012 WL 272750, at *3 (Bankr. D. Mass. 2012)).[3] ''The extent of

---

[3] Section 544(a) provides:
The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the
trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or
any obligation incurred by the debtor that is voidable by—
[. . .]

the [t]rustee's avoidance powers are determined by state law." *Id.* (quoting *Carrion v. USDA Rural Hous. Serv.* (*In re Roldan*), 2012 WL 2221410, at *7 (Bankr. D.P.R. 2012)(citations omitted)).  Under Massachusetts law, an unrecorded mortgage is enforceable only against the grantor, his or her heirs and devises, and persons with actual knowledge of the mortgage.  Mass. Gen. Laws ch. 183, § 4.  Accordingly, under Massachusetts law, an unrecorded mortgage is subject to avoidance by a bona fide purchaser.

In Massachusetts, in order to be recorded, a mortgage must have a certificate of acknowledgment either endorsed upon or annexed to it.  Mass. Gen. Laws ch. 183, § 29 ("No deed shall be recorded unless a certificate of its acknowledgement or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates[.]").  "An acknowledgement is the formal statement of the grantor to the official authorized to take the acknowledgement that the execution of the instrument was his free act and deed."  *McOuatt*, 320 Mass. at 415.  Thus, "Massachusetts requires, in addition to other formalities associated with acknowledgments, an affirmative declaration by the grantor or mortgagor*."  Agin v. Mortg. Elec. Registration Sys., Inc.* (*In re Giroux*), 2009 WL 1458173, at *8 (Bankr. D. Mass. 2009), *aff'd*, No. 09–CV–10988–PBS, 2009 WL 3834002 (D. Mass. 2009).  An acknowledgment "furnishes formal proof of the authenticity of the execution of the instrument when presented for recording."  *McOuatt*, 320 Mass. at 413.

---

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

As will be discussed below, "[a] number of formalities must be observed in the execution of an acknowledgement." *Agin v. Mort. Elec.Reg. Sys., Inc.* (*In re Bower*, 2010 WL 4023396, at * 5 (Bankr. D. Mass. 2010). If these requirements are not met, "[i]t is well established law in Massachusetts that a defectively acknowledged mortgage cannot be legally recorded, and if recorded the mortgage does not, as a matter of law, provide constructive notice to future purchasers[.]" *Greater Love Tabernacle Church of Boston, Massachusetts v. VFC Partners 18 LLC* (*In re Greater Love Tabernacle Church of Boston*), 536 B.R. 38, 43 (Bankr. D. Mass. 2015)(quoting *In re Bower*, 2010 WL 4023396, at *5). In recent years, numerous cases have tested the contours of what constitutes an adequate acknowledgment of a mortgage under Massachusetts law. *See In re Greater Love Tabernacle Church of Boston*, 536 B.R at 45 (collecting cases).

Under Massachusetts law, an acknowledgement of a mortgage "shall be by one or more of the grantors or by the attorney executing[.]" Mass. Gen. Laws ch. 183, § 30. An acknowledgment may be made "before a justice of the peace or notary public" who "shall endorse upon or annex to the instrument a certificate thereof." *Id.* The statute does not specify the language that must be used.[4] The Supreme Judicial Court of Massachusetts has held that, "[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." *McOuatt*, 320 Mass. at 415. An acknowledgement must "unequivocally express that the execution of the [m]ortgage was the free and act and deed of the [grantor]." *Weiss v. Wells Fargo Bank, N.A.* (*In re Kelley*), 498 B.R.

---

[4] "Although Mass. Gen. Laws ch. 183, § 42 references forms set forth in the appendix to the statute for taking acknowledgments, the use of those forms is not mandatory. Furthermore, while Revised Executive Order No. 455 (04–04), promulgated by the Governor of the Commonwealth of Massachusetts, lists several forms for notaries to use when issuing certificates of acknowledgment, those forms are not mandatory nor do they supersede the statutory scheme." *In re Greater Love Tabernacle Church of Boston*, 536 B.R. at 46 n. 6 (internal citations omitted).

392, 400 (1st Cir. BAP 2013).  An acknowledgment that fails to express that the execution of the

mortgage was voluntary or the free act and deed of the grantor is "materially and patently

defective under Massachusetts law, such that it is incapable of providing constructive notice to a

subsequent purchaser for value." *In re Giroux*, 2009 WL 1458173, at *8.  A mortgage

accompanied by such a defective acknowledgment is therefore unenforceable against a

subsequent purchaser for value, and is also therefore avoidable by a trustee in bankruptcy

exercising the powers afforded him or her in 11 U.S.C. § 544(a)(3).  *In re Kelley*, 498 B.R. at 399.

### C.   Analysis of the Motion to Strike the Declarations of the Debtor and the Notary

Affidavits or declarations used to support or oppose a motion for summary judgment

must "set out facts that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(4), made

applicable by Fed. R. Bankr. P. 7056.  In order to be admissible, evidence must be relevant.  Fed.

R. Evid. 402.  Evidence is relevant if "it has any tendency to make a fact more or less probable

than it would be without the evidence; and . . . the fact is of consequence in determining the

action."  Fed. R. Evid. 401.

The Declarations of the Debtor and the Notary, in the instant case, set forth declarations

of certain facts regarding the execution of the Mortgage and regarding the Notary's usual

practices as a notary public.  The Debtor's Declaration contains an admission by the Debtor that

she executed the Mortgage voluntarily and as her free act and deed.  The Notary's Declaration

contains a statement that it is the Notary's usual practice to ask any party for whom he is

notarizing a document whether he or she is signing the document voluntarily and of his or her

free act and deed.  It contains a further statement that if the Notary does not obtain such an

affirmation, he does not notarize the document.  Additionally, the Notary attests in his

Declaration to his understanding of the words "duly acknowledged."

The attestations contained in the Declarations are not relevant to the dispute at hand. No latent defect of the Acknowledgement has been alleged. Instead, this dispute turns on whether the Acknowledgment, *on its face*, expresses that the execution of the Mortgage was the Debtor's free act and deed. In a case where the sufficiency of the plain language of an acknowledgement is at issue, the intent of the Debtor and the usual practices of the Notary, outside of what may be inferred from the language of the acknowledgment, are immaterial to the question of whether a hypothetical bona fide purchaser would have received the notice that the Massachusetts statutory scheme demands.

The facts sworn to in the Declarations of the Debtor and the Notary are of no consequence in determining this action. Therefore, the Declarations are irrelevant under Fed. R. Evid. 401 and inadmissible under Fed. R. Evid. 402. As the Declarations do not set forth admissible facts, they are not in compliance with Fed. R. Civ. P. 56(c)(4). Accordingly, the Trustee's Motion to Strike is granted. The Court gives the Declarations no weight in the analysis set forth below.

### D.  Analysis of the Trustee's Motion for Summary Judgment as to Count I

As noted above, there has been no shortage of cases dealing with the alleged defects of mortgage acknowledgements under Massachusetts law. Nevertheless, the particular facts of this case are unique, and accordingly, "this Court must predict how the Massachusetts Supreme Judicial Court would resolve the issue with reference to Mass. Gen. Laws ch. 183, §§ 29, 30." *In re Giroux*, 2009 WL 1458173, at *8 (internal citations omitted). The Supreme Judicial Court of Massachusetts has held that, "[n]o particular words are necessary as long as they amount to an admission that [the grantor] has voluntarily and freely executed the instrument." *McOuatt*, 320 Mass. at 415. As noted above, an acknowledgement must express that the execution of the mortgage was the free and act and deed of the grantor. The requirement that a grantor

acknowledge that a mortgage is executed voluntarily is not mere surplusage.   It puts the world

on notice that the mortgage was not granted under duress or otherwise involuntarily and is

therefore not vulnerable to an attack on that basis.

In the instant case, the Acknowledgement states that the Debtor "duly acknowledged to

[the Notary] that [she] executed the [Mortgage]."  Nutter contends that this language is

sufficient to express that the Debtor indicated to the Notary that she executed the Mortgage

voluntarily or as her free act and deed.  I disagree.  This language sufficiently expresses that the

Debtor acknowledged executing the mortgage.  It does not address, in any way, whether the

Debtor affirmed that she executed the Mortgage *voluntarily*.

Nutter asks the Court to read meaning into the phrase "duly acknowledged" that is

simply not present.  According to Black's Law Dictionary, the word "duly" means, "[i]n a proper

manner; in accordance with legal requirements."  Black's Law Dictionary (10th ed. 2014).  And

the word "acknowledge" means "[t]o confirm as genuine before an authorized officer." Black's

Law Dictionary (10th ed. 2014).  I note that this definition varies significantly from Black's

definition of "acknowledgement," which is similar to the definition in Revised Executive Order

No. 455 (04-04), § 2.[5]  Applying these definitions, the Acknowledgement expresses that the

Debtor properly confirmed her signature to be genuine before the Notary.  It does *not* express

that the Debtor affirmed that her signature was affixed to the Mortgage *voluntarily*.

Nutter would have this Court ascribe to the word "acknowledge" the definition given to

"acknowledgement" in Revised Executive Order No. 455 (04-04), § 2.  I decline to do so.  The

---

[5] *Acknowledgement*, Black's Law Dictionary (10th ed. 2014) ("A formal declaration made in the presence of an authorized officer, such as a notary public, by someone who signs a document and confirms that the signature is authentic. • In most states, the officer certifies that (1) he or she personally knows the document signer or has established the signer's identity through satisfactory evidence, (2) the signer appeared before the officer on the date and in the place (usu. the county) indicated, and (3) the signer acknowledged signing the document freely, being aware of its nature.").

words "acknowledge" and "acknowledgement" have different meanings as noted in the above

paragraph.  An acknowledgement is a formal act that is precisely defined to include several

necessary prerequisites.  The verb "to acknowledge" meanwhile does not necessarily mean to

perform the formal steps of an acknowledgment.  Nutter is unable to provide such a definition,

and the Court is unable to locate one.  Even Revised Executive Order No. 455 (04-04), upon

which Nutter exclusively relies for its definition, undercuts Nutter's argument. In section 5(d),

Revised Executive Order No. 455 (04-04) sets forth a form of acknowledgement that directs

notaries to write that the grantor "acknowledged to me that (he)(she) signed it *voluntarily* for its

stated purpose." Revised Executive Order No. 455 (04-04), § 5(d) (emphasis added).  If the word

"acknowledged" meant that the grantor indicated that she voluntarily signed the document,

then the word "voluntarily" in the above template would be superfluous.  In other words, even

Revised Executive Order No. 455 (04-04), the source of Nutter's definition, appears to recognize

a distinction between an "acknowledgment," which is fully defined by the order to include the

formal prerequisite that a signature is affixed voluntarily, and the verb "to acknowledge," which

is not defined by the order but in common legal usage means, "to confirm as genuine before an

authorized officer."

      To put a finer point on the above analysis, Nutter's argument is inconsistent with a plain

reading of the Acknowledgement.  A subsequent purchaser for value reading a certificate of

acknowledgement must be put on notice that the grantor indicated to the notary that her act of

executing the mortgage was voluntary.  Here, the language used is silent on this point.  A plain

reading does not justify the conclusion that the Debtor said anything to the Notary to indicate

that her grant of a Mortgage was her voluntary act.  Accordingly, the Acknowledgment does not

provide the notice that Massachusetts law requires.

I also reject Nutter's argument that the Court should give effect to the parties' intent as evidenced by the Debtor's sworn Declaration.  The parties' intent is irrelevant to the extent it cannot be inferred from the language of the Acknowledgment.  Nutter confuses the standard for determining the sufficiency of an acknowledgment with the tools of contract construction.  An acknowledgment is not a contract.  A court's role in construing an acknowledgement is not to give effect to the intent of the grantor (that she intended to inform the notary that she signed voluntarily) or of the notary (that the grantor told him that she signed voluntarily, and that he intended to so indicate in the acknowledgment).[6]  Rather, the Court's role in this instance is to determine whether the acknowledgement as filed gives notice to the world at large, and specifically to a subsequent purchaser for value, that the requirements of the Massachusetts statutory scheme have been met.  Accordingly, I have stricken the Debtor's and the Notary's Declarations, and I make no attempt to ascertain or give effect to the Debtor's or the Notary's intent to the extent it cannot be inferred from the language of the Acknowledgment.

Finally, I find Nutter's argument that the Court should presume that the Notary performed his duties in compliance with Massachusetts Law to be inapposite to the instant case.  Nutter cites to *Hale v. Hale*, which dealt with an alleged *latent* defect in an acknowledgement.  *Hale v. Hale*, 332 Mass. at 333.  In *Hale v. Hale*, the face of the acknowledgement was not defective.  Rather, there was an allegation that despite the facially sufficient representations in the certificate of acknowledgment, the notary did not actually obtain an indication from the grantor that the deed in question was signed voluntarily, thus

---

[6] In its papers, Nutter states that its own honest intent should be given effect.  Nutter's intent is irrelevant to this analysis for the reasons stated above.  Additionally, even if the parties' intent were a relevant consideration, Nutter, as assignee of the Mortgage, did not come on the scene until almost seven years after the execution of the Mortgage.  Accordingly, Nutter's intent could not possibly have any bearing on the interpretation of the documents in question.  To the extent Nutter stands in the shoes of First Call, First Call's intent is also irrelevant for the above reasons.  Moreover, no evidence has been offered as to the intent of either First Call or Nutter.

giving rise to a latent, or hidden, defect. *See Id.* The court in *Hale v. Hale* held that the notary

was entitled to a rebuttable presumption or inference that he had performed his official duty in

compliance with the law. *Id.* In other words, in the absence of evidence to the contrary, the

court presumed that the notary's statement, that he had obtained an indication of voluntariness

from the grantor, was truthful.

The Acknowledgement in the instant case contains a patent defect, one that is apparent

on the face of the document. The language does not provide notice that the Debtor indicated to

the Notary that she executed the Mortgage voluntarily. This defect in the language would not

be obviated by a presumption or finding that the Notary did, in fact, obtain an indication from

the Debtor that she signed the Mortgage voluntarily. The fact would remain: the Notary did not

represent in the Acknowledgment that the Debtor had so indicated. There is no favorable

inference or presumption that could cure this defect. Accordingly, the holding of *Hale v. Hale* is

inapplicable to the instant case.

For the above reasons and based on the undisputed facts, I find that the

Acknowledgment is materially defective because it fails to represent that the Debtor indicated

to the Notary that she executed the mortgage voluntarily or as her free act and deed.

Accordingly, the Mortgage is not capable of providing constructive notice to a subsequent

purchaser for value and may be avoided by the Trustee under 11 U.S.C. § 544(a)(3). As there is

no genuine dispute as to any material fact and the Trustee is entitled to judgment as matter of

law on Count I, the Trustee's Motion for Summary Judgment is granted as to Count I.

**E.   Analysis of Nutter's Motion for Summary Judgment as to Count I**

As stated above, there is no genuine dispute as to any material fact. However, Nutter is

not entitled to judgment as a matter of law on Count I. As explained above, the

Acknowledgement is materially defective as a matter of law and the Mortgage may be avoided

by the Trustee.  Accordingly, Nutter's Motion for Summary Judgment is denied as to Count I.

### F.   Analysis of the Trustee's Motion for Summary Judgment as to Count II

Count II seeks preservation of the avoided Mortgage for the benefit of the Debtor's

bankruptcy estate pursuant to 11 U.S.C. § 551.  Section 551 provides that "[a]ny transfer

avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under

section 506(d) of this title, is preserved for the benefit of the estate but only with respect to

property of the estate."  11 U.S.C. §551.  As I have held that the Trustee is entitled to avoid the

Mortgage under § 544, I also hold that, as a matter of law, the Mortgage is automatically

preserved for the benefit of the estate by § 551.

In his complaint, the Trustee requests that this Court enter a judgment "pursuant to

Count II, declaring that the Mortgage is preserved for the benefit of the bankruptcy estate as the

first position mortgage holder, senior to the Debtor's [homestead exemption]."  In addressing

the relationship between the avoided Mortgage and the Debtor's homestead exemption, I first

note that the Debtor is not entitled to exempt the avoided Mortgage itself.  Section 522(b)

permits a debtor to exempt certain property from property of the estate and thereby from

distribution to creditors.  11 U.S.C. § 522(b).  When, as in this instance, the property in question

became property of the estate because the trustee recovered it under (among other sections) §

551 of the Bankruptcy Code, a debtor's ability to claim it as exempt is limited by 11 U.S.C. §

522(g).  Section 522(g) states:

> Notwithstanding sections 550 and 551 of this title, the debtor may exempt
> under subsection (b) of this section property that the trustee recovers under
> section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the
> debtor could have exempted such property under subsection (b) of this section
> if such property had not been transferred, if—
>
> > (1) (A) *such transfer was not a voluntary transfer of such property by the
> > debtor*; and

19

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

11 U.S.C. § 522(g) (emphasis added).

Accordingly, a debtor may claim recovered property as exempt only if either (1) the transfer of the property was not a voluntary transfer by the debtor and the debtor did not conceal the property or (2) the debtor could have avoided such transfer under §522(f)(1)(B).

Neither option applies here. In the instant case, there is no dispute that the Debtor's grant of the Mortgage was voluntary.[7] The Debtor is unable to exempt the avoided Mortgage under § 522(g)(1) because the grant of the mortgage was a voluntary act. Nor may the Debtor exempt the avoided Mortgage under § 522(g)(2), which applies exclusively to security interests on diverse types of personalty; that subsection plainly has no application to a mortgage on realty, and I do not understand the Debtor to contend otherwise. In summary, neither subsection (g)(1) nor (g)(2) applies, and therefore the Debtor may not claim the value of the recovered mortgage as exempt.

I next examine whether the avoided mortgage, which has been preserved for the benefit of the estate, has priority over the Debtor's homestead exemption in any equity remaining in the property after satisfaction of the preserved mortgage. "Preservation is just that. It simply puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to enhance (or detract from) the rights of that creditor viz-a-viz other creditors." *Carvell v. Bank One, Lafayette, N.A.* (*In re Carvell*), 222 B.R. 178, 180 (B.A.P. 1st Cir. 1998). In Massachusetts, "a debtor's homestead exemption is not effective against a mortgagee where the mortgage in question was executed before the debtor recorded a declaration of homestead." *Lassman v.*

---

[7] This is a separate question from whether the Acknowledgement sufficiently expresses that the Debtor affirmed this voluntariness to the Notary.

*OneWest Bank, FSB* (*In re Swift*), 458 B.R. 8, 15 (Bankr. D. Mass. 2011)(citing MASS. GEN. LAWS ch. 188, §§ 8, 9).  In the instant case, the Mortgage was executed before the Debtor's homestead exemption was filed.  Accordingly, the Debtor's homestead exemption was subordinate to the Mortgage under state law and remains so now that the Mortgage has been preserved for the benefit of the estate.

As I have found, based on the undisputed facts, that the Trustee is entitled to judgment as a matter of law on Count II, the Trustee's Motion for Summary Judgment is granted as to this count.[8]

### G.   Analysis of Nutter's Motion for Summary Judgment as to Count II

Based on the undisputed facts and for the reasons articulated in the above analysis of the Trustee's Motion for Summary Judgment on Count II, I find that Nutter is not entitled to judgment as a matter of law on Count II.   Accordingly, Nutter's Motion for Summary Judgment on Count II is denied.

## VII.   Conclusion

For the reasons set forth above, the Court will enter orders granting the Trustee's Motion for Summary Judgment, granting the Trustee's Motion to Strike the Declarations of the Debtor and the Notary, and denying Nutter's Motion for Summary Judgment.

Date:  March 29, 2016

Frank J. Bailey
United States Bankruptcy Judge

---

[8] I note, however, that Count II of the complaint does not seek relief or a declaration of priority against the Secretary, who holds the second mortgage, as against whom the Trustee has voluntarily dismissed this action.  Accordingly, my determination that the Mortgage is preserved for the benefit of the estate is not binding on the second mortgage holder.